PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES L. WADE, ) | |
| ) | CASE NO. 4:14cv382 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| BUREAU OF PRISONS, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

*Pro se* Plaintiff Charles L. Wade filed this action against the United States Bureau of Prisons ("BOP"), FCI-Elkton Warden Coakley, Unit D Team Unit Manager M. Burns, Case Manager T. Zackasee, and Counselor Highley.  He claims his security classification level was raised and he was moved to the Special Housing Unit ("SHU") pending his transfer after he received three conduct reports in a twelve month period.  He asks this Court to enjoin his transfer and review the BOP policy on security increases for conduct reports.

**I. Background**

Plaintiff received three conduct reports within a four month period of time.  He received the first in October 2013.  (ECF No. 1 at 2).  He denies having committed that infraction which resulted in a five tier punishment of loss of bottom bunk privileges, loss of privileges cubicle, loss of commissary, loss of telephone privileges, and loss of mail. (ECF No. 1 at 2).  He received his second conduct report in November 2013 and a third conduct report in January 2014. (ECF No. 1 at 2).  He does not dispute those charges, which resulted in loss of good time, loss of telephone and loss of

(4:14cv382)

email privileges. (ECF No. 1 at 2). Those sanctions were imposed on February 12, 2014. (ECF No. 1 at 3).

Plaintiff was escorted to the SHU on February 13, 2014. (ECF No. 1 at 3). He was told his security level had been increased, pursuant to BOP policy, because he received three conduct reports in a year. (ECF No. 1 at 3). He was taken to the SHU pending his transfer to another institution because his security classification now exceeded that which is excepted for that unit. (ECF No. 1 at 3). Plaintiff disputes FCI-Elkton's interpretation of the BOP Policy. (ECF No. 1 at 3). FCI-Elkton interprets the policy as raising an inmate's security classification if he or she receives three conduct reports in a twelve month period. (ECF No. 1 at 3). Plaintiff believes that policy should be interpreted as raising the classification if the inmate receives three conduct reports in a calendar year. (ECF No. 1 at 3). Because Plaintiff received two of his reports in 2013 and the third in 2014, he would not be subject to a security level increase and transfer under his interpretation of the policy. (ECF No. 1 at 4). He asks the Court to review and interpret the policy, and enjoin the prison from transferring him to another institution.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from

2

(4:14cv382)

suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

(4:14cv382)

## III. Law and Analysis

As an initial matter, Plaintiff did not specify a legal cause of action upon which to establish this action. Based on his allegations, it is possible he is attempting to assert he was deprived a protected liberty interest without receiving due process. Prisoners, however, have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Consequently, prisoners do not have a protected liberty interest in avoiding transfer to more adverse conditions of confinement. *Wilkinson*, 545 U.S. at 221. They have no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997). Plaintiff's Complaint has not identified a protected liberty of which he was deprived and he has not stated a claim for denial of due process.

To the extent Plaintiff was attempting to assert a claim other than one for denial of due process, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not

4

(4:14cv382)

without limits. *See* Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See* Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See* Wells v. Brown, 891 F.2d at 594. Even liberally construed, Plaintiff has not stated a viable claim upon which the Court can issue an interpretation of a BOP policy, enjoin an increase in his security classification, or enjoin his transfer to a medium security prison.

(4:14cv382)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

 July 29, 2014                    /s/ Benita Y. Pearson
Date                             Benita Y. Pearson
                                 United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."